UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | | |
|---|---|---|
| WILLIAM ROYAL PETREY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2:23- CV-169-CHB |
| | ) | |
| v. | ) | |
| | ) | **ORDER ADOPTING MAGISTRATE** |
| WARDEN KEVIN MAZZA, et al., | ) | **JUDGE'S REPORT AND** |
| | ) | **RECOMMENDATION** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Report and Recommendation filed by United States Magistrate Judge Edward B. Atkins. [R. 12]. The recommended disposition did not expressly advise Plaintiff of his right to file objections; however, Magistrate Judge Atkins promptly filed a supplement to his Report and Recommendation that outlined Plaintiff's right to timely file objections to the recommended disposition. [R. 13]. Plaintiff William Royal Petrey has now filed a "Motion for Reply to Magistrate Judge's Report and Recommendation," [R. 14], which the Court construes as an objection to the magistrate judge's recommended disposition. The Court has reviewed Magistrate Judge Atkin's Report and Recommendation along with Plaintiff's objection. For the reasons set forth below, the Court will adopt the magistrate judge's recommended disposition.

Under 28 U.S.C. § 636(b)(1)(B), a district court judge may designate a magistrate judge to submit findings of fact and recommendations on applications for post-trial relief made by individuals convicted of criminal offenses. Federal Rule of Civil Procedure 72(b)(2) gives a petitioner fourteen days after service to file objections to a magistrate judge's recommendations. This Court must make a *de novo* determination of dispositive matters to which specific

- 1 -

objections are made. Fed. R. Civ. P. 72(b)(3); *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). A specific objection, which preserves the issue for appeal, "explain[s] and cite[s] specific portions of the report which [counsel] deem[s] problematic." *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 1997) (citation omitted). Courts need not conduct *de novo* review of general objections that fail to identify specific factual or legal issues, because it duplicates the magistrate judge's efforts and wastes judicial economy. *Howard v. Sec. of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

Courts construe *pro se* filings more leniently than those prepared by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But courts do not have "an affirmative duty . . . to scrutinize *pro se* [pleadings] to determine whether there is a cause of action other than the one pleaded by the [*pro se* litigant] that is more advantageous to him." *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011). Further, a *pro se* litigant must still comply with court rules and procedural requirements. *McNeil v. United States*, 508 U.S. 106, 113 (1993); *Tobias v. State*, No. 18-1892, 2018 WL 8969133, at *1 (6th Cir. Dec. 17, 2018).

In the present case, Plaintiff filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 using the appropriate form. [R. 11]. Magistrate Judge Atkins reviewed the petition and determined that Plaintiff is seeking habeas relief relating to his state court conviction. [R. 12, p. 1]. The magistrate judge noted, however, that that Plaintiff previously sought habeas relief with this Court, and as such, his current petition is a successive petition. *Id.* Plaintiff is therefore required to obtain permission from the Sixth Circuit before he can present his successive petition. *Id.*; *see also* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate

court of appeals for an order authorizing the district court to consider the application."). The magistrate judge also noted that, "[t]o the extent Petrey is seeking to pursue civil rights claims, any such claim must be dismissed for failure to state a claim." [R. 12, p. 1].[1] The magistrate judge therefore recommended that the petition be denied to the extent it raises civil rights claims, and further, that this matter be transferred to the Sixth Circuit. *Id.* at 1–2.

In his objections, Plaintiff does not address the substantive or procedural matters raised in the Report and Recommendation. *See* [R. 14]. He argues only that this Court should reject the recommended disposition "BECAUSE PETITIONER'S WHOLE DUE PROCESS OF LAW WAS VIOLATED UNDER THE 5TH AMENDMENT OF THE UNITED STATES CONSTITUTION." *Id.* at 2. He further states that his Fifth Amendment rights were violated "ON THE GROUNDS THAT PETITIONER NEVER RECEIVED EQUAL PROTECTION UNDER THE LAW." *Id.* He therefore asks the Court to grant his petition. *Id.*

As previously explained, courts need not conduct *de novo* review of general objections that fail to identify specific factual or legal issues, because it duplicates the magistrate judge's efforts and wastes judicial economy. *Howard*, 932 F.2d at 509. In this case, Plaintiff has failed to make a specific objection to the recommended disposition—i.e., an objection that "explain[s] and cite[s] specific portions of the report which [counsel] deem[s] problematic." *Robert*, 507 F.3d at 994. As such, the Court need not conduct a *de novo* review of Plaintiff's objections and will instead overrule his objections. Moreover, this Court has examined the record and agrees with the magistrate judge's Report and Recommendation.

---

[1] While the Report and Recommendation does not go into detail, the Court has reviewed Plaintiff's petition and understands that dismissal of any such civil rights claims for failure to state a claim would be appropriate because Plaintiff's petition is extremely difficult to follow and largely unintelligible. *See Petrey v. Kenton County Court*, Civil Action No. 2:20-cv-107-JMH, R. 4 (finding that similarly unintelligible statements failed to state a claim); *Petrey v. Commonwealth of Kentucky*, Civil Action No. 2:21-cv-149-JMH, R. 10 (same).

Accordingly, the Court being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** as follows:

1. The Report and Recommendation [**R. 12**] is **ADOPTED** as the opinion of the Court.

2. Plaintiff's objections to the Report and Recommendation [**R. 14**] are **OVERRULED**.

3. To the extent Plaintiff intended to assert civil rights claims, such claims are

   **DISMISSED** for failure to state a claim.

4. The Clerk of Court is directed to **TRANSFER** this case to the Sixth Circuit Court of

   Appeals.

   This the 18th day of April, 2024.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY

- 4 -